People v Taylor (2018 NY Slip Op 06575)





People v Taylor


2018 NY Slip Op 06575


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2014-10871
 (Ind. No. 13-01474)

[*1]The People of the State of New York, respondent,
v
Elvis Taylor, appellant.


Judith E. Permutt, Eastchester, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Laurie Sapakoff and Steven Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered October 9, 2014, convicting him of course of sexual conduct against a child in the second degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In this child sex abuse case, the defendant was charged with two counts of course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child. The counts relate to conduct by the defendant perpetrated separately against two sisters.
At trial, the People called both sisters as witnesses, and were permitted to call an expert on intrafamilial child sex abuse syndrome and child sexual abuse accommodation syndrome (hereinafter CSAAS). The expert testified, over the defendant's objection, about those syndromes and was asked, hypothetically, if certain behavior by child sex abuse victims and abusers was consistent with those syndromes. Some of the behavior he testified about mirrored the testimony regarding the sisters' and the defendant's behavior in this case. The defendant was found guilty on all counts.
The admissibility of expert testimony is dependent on whether the expert testimony " would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror'" (People v Williams, 20 NY3d 579, 583-584, quoting De Long v County of Erie, 60 NY2d 296, 307; see People v Nicholson, 26 NY3d 813). Generally that determination is left to the sound discretion of the trial court (see De Long v County of Erie, 60 NY2d at 307).
With respect to expert testimony on child sex abuse, and CSAAS specifically, the Court of Appeals has held that such expert testimony is admissible, like testimony as to other psychological syndromes, because it helps to explain behavior of victims that might be puzzling to the jury (see People v Williams, 20 NY3d at 583-584; People v Spicola, 16 NY3d 441, 465). This [*2]includes assisting the jury to understand "why a child may wait a long time before reporting the alleged abuse" (People v Williams, 20 NY3d at 584), fail to report at all, and deny or recant claims of sexual assault (see People v Spicola, 16 NY3d at 453-454). The testimony may be properly admitted to counter an inference that the victim is not credible (see id. at 465). Furthermore, the expert may testify regarding the behavior of the sexual abusers themselves, as that testimony is likewise permissible as helpful to the jury to understand the behavior of victims (see People v Williams, 20 NY3d at 584; People v Diaz, 20 NY3d 569, 576).
Here, the admission of the expert's testimony concerning the syndromes and how the behavior of both victims and abusers relates thereto was a provident exercise of discretion. The defendant argues that the expert's testimony was not adequately limited because some of the hypothetical questions asked by the prosecutor too closely mirrored the facts of this case and, therefore, improperly bolstered or vouched for the sisters' credibility. However, the expert spoke in general terms, noting he had never met or treated either sister, and the testimony assisted in explaining the behavior of the victims following the alleged abuse that the jury might not otherwise understand (see People v Nicholson, 26 NY3d at 829; People v Diaz, 20 NY3d at 575-576; People v Spicola, 16 NY3d at 465-466).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see People v Caban, 5 NY3d 143; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court